UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABIGAIL CIHAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, CHICAGO POLICE | ) | |
| DETECTIVES MARIE BIGGANE and JEFF DOIG, | ) | |
| and UNIDENTIED EMPLOYEES OF THE | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Abigail Cihak, by her attorneys, LOEVY & LOEVY, complains of Defendants, Chicago Police Detectives Marie Biggane and Jeff Doig, and Unidentified Employees of the City of Chicago (collectively, "individual Defendants") acting pursuant to the City's policies and practices, and the City of Chicago, and alleges as follows:

### Facts

1.    Plaintiff Abigail Cihak, 27 years old, is a graduate of Columbia College. She works as an assistant to a partner in a construction firm.

2.    Upon graduating college in 2009, Plaintiff engaged in a search for professional employment. During this

time, she worked for four Chicago families, caring for their children. Plaintiff loves children, and had been babysitting for years.

3.    Plaintiff spent the majority of her time after college caring for two children who lived in her neighborhood, a toddler and her baby sister. Plaintiff was with the girls for more than 30 hours a week while their parents were at work.

4.    As of January 2010, Plaintiff had been working for the family for four months. On certain days that month, Plaintiff observed that the baby was exhibiting signs of possible ill health, including lethargy, vomiting, and irregular bowel movements. She told the baby's parents about her observations, and at times was instructed to give the baby Tylenol.

5.    On or about January 26, 2010, Plaintiff noticed a bump on the baby's forehead. Plaintiff called the baby's mother at work to report this. The mother did not return home immediately, but instead came home at the end of the work day.

6.    When the mother arrived home, she called the baby's doctor and then took the baby to the hospital. The mother left Plaintiff with the baby's sister.

7.    At the hospital, the baby was diagnosed with multiple fractures of different ages, including skull fractures and clavicle and wrist fractures that were old enough to have healed. The baby was released from the hospital three days later.

8.    Later that week, the family informed Plaintiff that they would no longer be employing her. Also that week, the Defendant Officers contacted Plaintiff and asked to speak with her. Plaintiff voluntarily went to the police station and answered the officers' questions.

9.    Two weeks later, the Defendant Officers arrested Plaintiff at her home. They transported her to the station and detained her in a room for approximately 9 hours. During that time, the Defendants did not read Plaintiff her rights or tell her what crime she was being charged with.

10.   Finally, the Defendant Officers informed Plaintiff that they were charging her with committing aggravated battery against a baby.

11.   Specifically, Defendant Officers charged Plaintiff with the Class X felony of "causing great bodily harm or permanent disability or disfigurement" to a baby. The charge carried a potential sentence of 30 years in prison.

12. Plaintiff had never committed a battery on a child, and Defendants had no probable cause to charge her with such a crime, or to continue the charges against her.

13. After hours at the police station, Defendants had Plaintiff sent to Cook County Jail. For one and a half months, Plaintiff was detained at the jail, held without bond.

14. Plaintiff was ultimately ordered onto home confinement, and remained so detained for the next two years. During those years, she was subjected to frequent inspections by sheriff's police, who often came at night.

15. The Defendant Officers not only initiated the criminal case against Plaintiff, but they also maliciously continued the prosecution against her, including by withholding exculpatory information and making false statements regarding the opinions of a medical expert.

16. On March 28, 2012, more than two years after Defendants falsely charged Plaintiff with committing aggravated battery on a baby, the Defendants' claims against her were dismissed in a manner that indicated her innocence.

17. Plaintiff was greatly harmed by the false arrest and prosecution. The case was publicized, and neighbors in her life-long community learned that she was charged with child abuse. She faced stigma, and experienced fear and distress

4

during her more than two years of detention. She continues to
suffer from daily feelings of nervousness and worry about the
future.

## The Parties

18.  Plaintiff Abigail Cihak is a resident of the City
of Chicago.

19.  Defendant City of Chicago is a municipal entity.

20.  At all times relevant hereto, Defendants Biggane
and Doig were police officers in the Chicago Police Department.
All of the individual Defendants acted under color of law and in
the scope of their employment in engaging in the actions alleged
in this Complaint such that their employer, City of Chicago, is
liable for their actions.

## Jurisdiction and Venue

21.  This action is brought pursuant to 42 U.S.C. §
1983 to redress the deprivation under color of law of
Plaintiff's rights as secured by the United States Constitution.

22.  This court has jurisdiction pursuant to 28 U.S.C.
§§ 1331, 1367. Venue is proper under 28. U.S.C. § 1391(b). The
parties reside in this judicial district, and the events giving
rise to the claims asserted herein occurred here as well.

## Count I
## Violations of Constitutional Rights

23. Each Paragraph of this Complaint is incorporated herein.

24. As described more fully above, the Defendant Officers, while acting individually, jointly, and in conspiracy, caused Plaintiff to be unlawfully seized, detained and arrested. The Defendant Officers fabricated evidence and withheld and destroyed exculpatory information, including by making statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured, causing Plaintiff to be detained for over two years. Such misconduct shocks the conscience and violates all standards of decency.

25. In these ways, the Defendants violated Plaintiff's rights in a manner that infringed her rights under the Fourth Amendment and her rights to Due Process, including under the Fourteenth Amendment.

26. The misconduct was undertaken pursuant to the policy and practice of the City of Chicago in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its

6

officers, such that its failure to do so manifests deliberate indifference;

b.  The City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct - including by delaying investigations into allegations of misconduct - thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.  Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department commit misconduct in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City makes findings of wrongdoing in a disproportionately small number of cases;

d.  City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department. Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

e.   The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the abuse, thereby causing the types of injuries alleged here.

27.  As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

28.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**Count II**
**Failure to Intervene**

29.  Each Paragraph of this Complaint is incorporated herein.

30.  As described more fully above, during the Constitutional violations described above, one or more of the individual Defendants had a reasonable opportunity to prevent the misconduct alleged in this Complaint had they been so inclined, but failed to do so.

31.  As a result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

32. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

33. The misconduct described in this Count was undertaken pursuant to Chicago's policy and practice in the manner described in preceding paragraphs.

### Count III - State Law Claim
### Malicious Prosecution

34. Each Paragraph of this Complaint is incorporated herein.

35. As described more fully above, Plaintiff was improperly subjected to judicial proceedings unsupported by probable cause to believe that she had committed crimes. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of her innocence.

36. Specifically, the individual Defendants accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings. The Defendants fabricated evidence and withheld and destroyed exculpatory information, including by making statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured.

37.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38.  As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

### Count IV - State Law Claim
### False Arrest

39.  Each Paragraph of this Complaint is incorporated herein.

40.  As described more fully above, Plaintiff was arrested, and thereby had her liberty to move about unlawfully restrained, despite the individual Defendants' knowledge that there was no probable cause for doing so.

41.  The actions of the Defendants, set forth above, were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights and to the right of others.

42.  As a result of the above-described wrongful infringement of Plaintiff's rights, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count V - State Law Claim
### False Imprisonment

43.  Each Paragraph of this Complaint is incorporated herein.

44.  As described more fully above, Plaintiff was imprisoned, and thereby had her liberty to move about unlawfully restrained, despite the individual Defendants' knowledge that there was no probable cause for doing so.

45.  The actions of the Defendants, set forth above, were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights and to the right of others.

46.  As a result of the above-described wrongful infringement of Plaintiff's rights, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

## Count VI - State Law Claim
### Intentional Infliction of Emotional Distress

47.  Each Paragraph of this Complaint is incorporated herein.

48.  As described more fully above, the misconduct of the individual Defendants toward Plaintiff constituted intentional infliction of emotional distress.

49. The misconduct described in this Count was extreme and outrageous.

50. The misconduct described in this Count was undertaken with the intent to inflict severe emotional distress or with knowledge that there was a high probability that their conduct would inflict such distress.

11

51. As a result of the Defendants' misconduct, Plaintiff experienced severe emotional distress.

## Count VII
## Respondeat Superior

52. Each Paragraph of this Complaint is incorporated as herein.

53. In committing the acts alleged in the preceding paragraphs, the individual Defendants were members and agents of the Chicago Police Department and/or the City of Chicago acting at all relevant times within the scope of their employment.

54. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count VIII
## Indemnification

55. Each Paragraph of this Complaint is incorporated herein.

56. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

57. The individual Defendants are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, ABIGAIL CIHAK, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF CHICAGO, MARIE BIGGANE, JEFF DOIG, and UNIDENTIFIED EMPLOYEES of the CITY OF CHICAGO, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against the individual Defendants, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, ABIGAIL CIHAK, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:


S/ Samantha Liskow
Attorneys for Abigail Cihak


Arthur Loevy
Jon Loevy
Samantha Liskow
Cindy Tsai
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

13