## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ABIGAIL CIHAK, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )     No. 12 C 10418 |
| | ) |
| THE CITY OF CHICAGO, et. al., | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendant City of Chicago (City), Defendant Marie Biggane (Biggane), and Defendant Jeff Doig's (Doig) motion to dismiss. For the reasons stated below, the motion to dismiss is granted as to the federal claims and denied without prejudice as to the state law claims.

## BACKGROUND

    Plaintiff Abigail Cihak (Cihak) alleges that she worked as a childcare provider for many years and was employed in January 2010 by a family whose infant began exhibiting signs of physical distress. Cihak allegedly reported the baby's health problems to the baby's parents. At the end of January 2010, Cihak allegedly noticed and reported a bump on the baby's head to the baby's mother. The mother

allegedly took the baby to the hospital while Cihak stayed to care for the baby's sister. At the hospital, the baby was allegedly diagnosed with multiple fractures and admitted to the hospital for several days. Later that week, the baby's parents allegedly informed Cihak that they no longer wished to employer her.

That same week, Biggane and Doig (collectively referred to as "Defendant Officers") allegedly contacted Cihak regarding the baby, and Cihak allegedly went to the police station to answer Defendant Officers' questions. Two weeks later, Defendant Officers allegedly arrested and transferred Cihak from her home to the police station, and allegedly failed to administer her *Miranda* warnings or inform her of the crime with which she was charged. Eventually, Defendant Officers allegedly told Cihak that she was being charged with committing aggravated battery against a baby (Crime), which was a Class X felony that carried a potential sentence of 30 years of imprisonment.

Cihak alleges that Defendant Officers had no probable cause to charge her with the Crime or continue the charges against her. Plaintiff also alleges that she was held without bond in Cook County Jail for one and a half months, and that she was then ordered to home confinement. Cihak allegedly remained on home confinement for two years. Cihak alleges that after charging her with the Crime, Defendant Officers withheld and destroyed exculpatory information and made false statements relating to the opinions of a medical expert. On March 28, 2012, the charge against Cihak was allegedly dismissed in a manner indicating Cihak's innocence.

Cihak includes in her complaint claims against Defendant Officers brought

pursuant to 42 U.S.C. § 1983 (Section 1983) alleging an unlawful seizure in violation of the Fourth Amendment, alleging violations of Cihak's Fourteen Amendment right to due process, and alleging a failure to intervene to stop such constitutional violations, as well as state law claims for malicious prosecution, false arrest, false imprisonment, and intentional infliction of emotional distress.  Cihak also includes in her complaint a claim against the City relating to the alleged constitutional violations brought pursuant to Section 1983 and *Monell*, as well as claims against the City for respondeat superior and indemnification.  Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Section 1983 Claims against Defendant Officers

Defendants argue that the Section 1983 claims brought against Defendant Officers should be dismissed.

A.  Fourth Amendment Unlawful Seizure Claims

Defendants contend that the Fourth Amendment unlawful seizure claims are time-barred, and should therefore be dismissed. Cihak has not opposed dismissal of the Fourth Amendment unlawful seizure claims. Therefore, the court grants Defendants' motion to dismiss with respect to the Fourth Amendment unlawful seizure claims.

B.  Fourteenth Amendment Due Process Claims

Defendants contend that Cihak's Fourteenth Amendment due process claims should be dismissed because they are faultily premised on Defendant Officers' alleged fabrication of evidence and Defendant Officers' alleged destruction of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

1. Alleged Fabrication of Evidence

Defendants argue that the alleged fabrication of evidence by Defendant Officers does not give rise to any constitutional claim. The Seventh Circuit has stated that "[a] plaintiff cannot state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.'" *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009)(quoting *McCann v. Mangialardi,* 337 F.3d 782, 786 (7th Cir. 2003)); *see also McCann,* 337 F.3d at 786 (indicating that "to the extent [a plaintiff] maintains that [a defendant] denied him due process by causing him to suffer '[a] deprivation of liberty from a prosecution and a contrived conviction . . . deliberately obtained from the use of false evidence,' his claim is, in essence, one for malicious prosecution, rather than a due process violation"); *Newsome v. McCabe*, 256 F.3d 747, 751-52 (7th Cir. 2001)(indicating that since a state law remedy is available in Illinois, "satisfying the elements of the state-law tort of malicious prosecution, far from being the foundation of a constitutional tort . . . , *knocks out* any constitutional tort of malicious prosecution"). In the instant action, Cihak alleges that "Defendant

5

Officers not only initiated the criminal case against [her], but [they] also maliciously continued the prosecution against her, including by withholding exculpatory information and making false statements regarding the opinions of a medical expert." (Compl. Par. 15). Cihak also alleges that "Defendant Officers fabricated evidence and withheld and destroyed exculpatory information, including by making statements regarding [Cihak's] alleged culpability with knowledge that the statements were false and perjured . . . ." (Compl Par. 24). Under Seventh Circuit precedent, the allegations that Defendant Officers made false statements and fabricated evidence do not give rise to a constitutional due process claim.

Cihak relies on *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012), to argue that the Seventh Circuit has "consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way." *Id*. However, in *Whitlock*, "the Seventh Circuit was not directly confronted with the issue of whether the fabrication of evidence by police officers can give rise to liability under [Section 1983] as a constitutional due process violation." *Caine v. Burge*, 897 F.Supp.2d 714, 718 (N.D. Ill. 2012). Therefore, *Whitlock* does not signal a change in controlling law. *See id.* at 718-22 (discussing *Whitlock's* effect on earlier cases). Further, since *Whitlock*, the Seventh Circuit has reaffirmed its holding in *Brooks* that the fabrication of evidence does not give rise to a constitutional claim. *See Alexander v. McKinney*, 692 F.3d 553, 557 (7th Cir. 2012)(rejecting a plaintiff's "attempt to piece together an amorphous substantive due process claim from the

6

remains of his forgone or otherwise unavailable constitutional and state law claims" based on Seventh Circuit precedent). Cihak also relies on *Engel v. Buchan*, 710 F.3d 698, 708 (7th Cir. 2013), which was decided after *Alexander*. However, *Engel* relates to whether "a *Bivens* cause of action is available for a *Brady* violation committed by a federal law-enforcement agent in connection with a state criminal prosecution." *Id.* Therefore, *Engel* is not on point. Based on controlling authority, Cihak's allegations relating to Defendant Officers' fabrication of evidence fail to support her Fourteenth Amendment due process claims.

### 2. Alleged *Brady* Violations

Defendants argue that Cihak has not sufficiently pled, and cannot sufficiently plead, a *Brady* violation. For a *Brady* claim, a petitioner must show: "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material, that is, there was a reasonable probability that prejudice ensued." *Alexander*, 692 F.3d at 556-57 (citations omitted). Cihak argues that she has adequately pled a *Brady* violation by alleging "that she did not commit any battery against any child, and that [ ] Defendant Officers nevertheless charged her and continued a case against her for Class X abuse of a baby without probable cause and by withholding and destroying exculpatory information, including by making statements about her regarding her alleged culpability with knowledge that the statements were false and perjured, and more specifically by withholding information about false statements regarding the opinions of a medical expert.

(Resp. 7). Cihak's allegations regarding lack of probable cause and her actual innocence relate solely to her Fourth Amendment unlawful seizure claims, which have already been dismissed. In addition, it is well-settled that a *Brady* violation does not occur when a police officer makes a false statement. *See Carvajal v. Dominguez*, 542 F.3d 561, 567 (7th Cir. 2008)(stating that "[i]t is already established law that *Brady* does not extend so far as to provide relief in a situation where "'a police officer makes a false statement to a prosecutor.'")(quoting *Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007), which rejected a plaintiff's attempt to extend "*Brady* to provide relief if a police officer makes a false statement to a prosecutor by arguing that an officer is 'suppressing' evidence of the truth by making the false statement")(additional citation omitted). Further, as Deefendants correctly point out, Cihak could have ascertained, through discovery, the true substance of the medical expert's opinion. Thus, Defendant Officers' allegedly false statements relating to the medical expert's opinion do not support a *Brady* claim.

Stripped of the allegations relating to Defendant Officers' false statements regarding the medical expert's opinion, Cihak's *Brady* claim consists solely of her conclusory allegation that Defendant Officers withheld and destroyed exculpatory evidence. Such an allegation, standing alone, is not sufficient to plausibly suggest a violation of *Brady*. Further, Cihak acknowledges that she never went to trial and alleges that the charges brought against against her were eventually dropped. Even though Cihak has alleged that she was subjected to two years of home confinement, absent a trial or guilty plea, the elements of a *Brady* claim cannot be met. *See Ray v.*

8

*City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011)(observing that the plaintiff had "failed to identify a single instance . . . where [the Seventh Circuit] [had] allowed [ ] suit[] [based on a violation of *Brady*] when the individual is merely charged with a crime, but never fully prosecuted"). Therefore, Cihak has not stated any valid Fourteenth Amendment due process claims based on a violation of *Brady*. Based on the above, the court grants Defendants' motion to dismiss with respect to the Fourteenth Amendment due process claims.

II. Failure to Intervene and *Monell* Claims

Since Cihak has failed to successfully allege any constitutional violations, her claims for failure to intervene and her *Monell* claim must also be dismissed. *See Harper v. Albert*, 400 F.3d 1052, 1066 n.18 (7th Cir. 2005)(stating that "without establishing an underlying constitutional violation . . . it would be impossible for a failure to intervene claim, as a matter of law, to succeed")(citation omitted); *see also Palka v. Shelton,* 623 F.3d 447, 455 (7th Cir. 2010)(dismissing *Monell* claim after observing that "because [the] complaint fail[ed] to state a claim for any constitutional violation, the City and County [could not] be held liable; a *Monell* claim requires a municipal policy or practice that results in a constitutional deprivation")(citation omitted). Based upon the above, the court grants Defendants' motion to dismiss with respect to the failure to intervene claims and the *Monell* claim.

III. Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, Defendants' motion to dismiss the remaining state law claims is denied without prejudice, and such claims are dismissed without prejudice.

## CONCLUSION

Based upon the foregoing analysis, the motion to dismiss is granted with respect to the Section 1983 and *Monell* claims. Defendants' motion to dismiss

the remaining state law claims is denied without prejudice, and the remaining state law claims are dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 31, 2013